IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>WALTER PIERRE RAUSINI,<br>Defendant. | Case No. 95-cr-00319-MMC-7<br><br>**ORDER RE: DEFENDANT'S RULE 59 MOTION** |

Before the Court is defendant Walter Pierre Rausini's ("Rausini") "Rule 59 Motion," filed March 18, 2020,[1] whereby Rausini "moves to correct" what he states are "conflicts between this Court's March 6, 2020 order ["March 6 Order"] and the written record" of the above-titled case. (See Mot. at 1.)

First, Rausini contends a document he filed on May 24, 2001 (Doc. No. 1038) is misdescribed in the March 6 order as a motion made under 28 U.S.C. § 2255. The case was not assigned to the undersigned until May 30, 2013. At the time the March 6 order was issued, Rausini's filing had been described as a § 2255 motion in a number of entries in the docket (see, e.g., Doc. Nos. 1038, 1039, 1047, 1118), and, given the age of the case, the filing itself was not readily available. Since that time, the filing, as well as various related filings and orders, have been requested from the archives and reviewed by the Court.

---

[1] Although said motion was filed by the Clerk of Court on March 24, 2020, under the "mailbox rule," see Houston v. Lack, 487 U.S. 266, 274-76 (1988), the Court will treat the motion as having been filed on March 18, 2020, the date he declares he presented it to prison officials for mailing. (See Certificate of Service, filed March 24, 2020.)

At the outset, the Court notes the filing is titled "Petition for Writ of Habeas Corpus," which is essentially a motion under § 2255, see Davis v. United States, 417 U.S. 333, 343 (1974) (holding "§ 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus"), and, by said motion, Rausini sought to vacate his sentence and obtain his release from confinement, the same remedies afforded by § 2255. The Court further notes, however, that, in an order denying the motion, the judge before whom the case was then pending appears to have declined to construe the filing as one made under § 2255. (See Order, filed June 22, 2002, at 7-9.) Under the circumstances, the Court finds it appropriate to defer characterizing the motion unless and until such determination is required.

Next, as to a motion undisputedly filed under § 2255 on August 4, 2005,[2] Rausini argues the March 6 Order was in error in stating "no action was taken"; specifically, Rausini points to discovery motions and orders filed in connection with that motion. The statement that "no action was taken" on the motion, however, was only meant to convey that no decision was made on its merits.

Accordingly, to the extent Rausini asks the Court to correct the March 6 Order, it will be amended to describe Rausini's filing of May 24, 2001, by the title he gave it. In all other respects, the order will stand as issued.

**IT IS SO ORDERED.**

Dated: March 27, 2020

MAXINE M. CHESNEY
United States District Judge

---

[2] Although said motion was filed by the Clerk of Court on August 10, 2005, under the "mailbox rule," see Houston v. Lack, 487 U.S. 266, 274-76 (1988), the Court will treat the motion as having been filed on August 4, 2005, the date he declares he presented it to prison officials for mailing. (See Certificate of Service, filed August 10, 2005.)

2