IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>WALTER PIERRE RAUSINI,<br>Defendant. | Case No. 95-cr-00319-MMC-7<br><br>**ORDER GRANTING GOVERNMENT'S MOTION TO UNSEAL; DIRECTIONS TO GOVERNMENT** |

Before the Court is the government's "Motion to Unseal Defendant's First Amended Motion Under 28 U.S.C. § 2255 With Respect to Defendant's Prior Counsel," filed May 20, 2020.  Defendant Walter Pierre Rausini ("Rausini") has filed a response, titled, "Response to Government's Motion for Access to Privileged Materials and for Finding That Rausini Waived Attorney-Client Privilege."  Having read and considered the parties' respective written submissions, the Court rules as follows.

In his Response, Rausini contends the instant motion should be denied because, according to Rausini, the government (1) "seeks discovery of materials outside the scope of relevancy," (2) has failed to show "good cause" to conduct such discovery, and (3) "seeks a waiver of [attorney-client] privilege that is far broader than the [ineffective assistance of counsel] claims" he raises in his § 2255 Motion.  (See Resp. at 1-2.) Rausini, however, misconstrues the nature of the government's motion, by which the government seeks to "unseal the defendant's [§ 2255] Motion and corresponding exhibits" and "only with respect to defendant's prior Trial and Rule 35 counsel," namely, George Cotsirilos, Jr. ("Cotsirilos") and Ethan Balogh ("Balogh").  (See Mot. at 1:24-25.) Thus, the government, contrary to Rausini's assertions, does not seek to obtain any

information it does not already possess, nor does it seek an order declaring, or otherwise finding, Rausini has waived his attorney-client privilege.[1]

In the event the government's motion is granted, Rausini requests the Court issue a protective order that "circumscribes the scope of the information sought." (See Resp. at 1.) Although, as discussed above, the government, by the instant motion, does not seek to obtain any information, the Court, given its prior order directing Rausini's § 2255 Motion be filed under seal, will limit the circumstances under which that motion may be disclosed.

Accordingly, the government's motion is hereby GRANTED as follows:

1. Rausini's § 2255 Motion and exhibits filed in support thereof shall be unsealed for the limited purpose of allowing Cotsirilos and Balogh to review Rausini's claims of ineffective assistance of counsel therein and to determine how they wish to respond, if at all, to those claims. Said documents and/or their contents are not to be disclosed to any persons who have not been given permission by the Court to view them, nor are they to be used for any purpose other than that provided herein, and, in all other respects, shall remain under seal.

2. The government is hereby DIRECTED to advise Cotsirilos and Balogh of the above-described limitation and to do so before providing them with any copies.

**IT IS SO ORDERED.**

Dated: April 6, 2021

MAXINE M. CHESNEY
United States District Judge

---

[1] Given the narrow scope of the government's motion, Rausini's request for the appointment of counsel, which he seeks "to ensure that his Sixth Amendment rights are fully protected and that the government seeks to obtain only the information necessary to prove or disprove Rausini's claims," and for an order directing the government to "assign a 'Taint Team' to review any privileged communications and attorney work product" (see Resp. at 12) are hereby DENIED.

2